[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR REMITTITUR
On March 22, 1995, the jury in this case rendered a verdict in favor of the plaintiff professional corporation and against the defendants. Robert B. Golenbock and Joan Ann Magner, jointly and severally, in the sum of $2,777,000, plus punitive damages set by the court of $750,000, representing plaintiff's attorney's fees paid or owed to various attorneys who represented plaintiff at various phases of the subject litigation.
The defendants have moved for an order of remittitur based upon their claim that the award of $2,777,000 is excessive in relation to the plaintiff's evidence on damages, and therefore the jury was influenced by mistake in reaching the sum they set.
Plaintiff's evidence of loss, and the only evidence presented to the jury on loss, was the testimony and report of its economic expert that the fair market value of the professional corporation in August of 1987 was $609,000, broken down as $194,000 in tangible assets and $415,000 in "good will." The plaintiff did not present evidence as to any other theory of valuation for the total value of plaintiff in August, 1987. The court finds, as a matter of law, that under the facts of this case and the evidence that was offered by the plaintiff, that the verdict is excessive and that the maximum recovery that plaintiff may recover is the full fair market value of the professional corporation, that is $609,000, plus legal interest from August 15, 1987 to March 15, 1995 of $686,963, plus punitive damages of attorney's fees, adjusted for this reduced recovery of $617,000. CT Page 4695
Whereupon it is adjudged that the verdict be set aside unless within sixty (60) days the plaintiff shall file with the clerk a remittitur of $1,614,037 to the amount of the verdict, but if such remittitur is so filed, then the plaintiff shall recover of the defendants, jointly and severally, $1,912,963 plus costs.
Stodolink, J.